IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JOHNNY JAMES                                                                                    PLAINTIFF

VS.                                                                             CASE NO. 1:13cv127-M-S

MAPCO EXPRESS, INC.; and
DELEK US HOLDINGS, INC.                                                                    DEFENDANT

**ORDER**

      This cause comes before the court on the motion of defendants MAPCO Express, Inc. and Delek U.S. Holdings, Inc. to dismiss or transfer this action under the first-to-file rule. In seeking dismissal or transfer, defendants argue, and plaintiff concedes in his response, that this action is substantially similar to one which was previously filed in the Northern District of Alabama. *See Burton v. Mapco Express, Inc.,* Case No. 5:13-cv-00919-MHH (the "Burton Action"). Each of these actions involve claims that certain customers suffered injury as a result of hackers attacking MAPCO stores over the course of eleven days in March and April of 2013. In his brief, plaintiff "admits that the case sub judice and the 'Burton Action' raise issues that substantially overlap," although he submits that a stay of this action would be preferable to a dismissal or transfer. However, in light of plaintiff's concession that the issues in this case and *Burton* substantially overlap, the court finds a transfer of this action under the first-to-file rule to be in order, for reasons which it will presently explain.

      "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Wataburger of Alice, Inc*., 174 F.3d 599, 603 (5th Cir. 1999). In *Manual v. Convergys Corp.,* 430 F.3d 1132, 1135 (11th Cir. 2005), the Eleventh Circuit wrote

1

that "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."

The law in this circuit is no different. In *Save Power Ltd. v. Syntek Fin. Corp.,* 121 F.3d 947 (5th Cir. 1997), the Fifth Circuit, in finding that a district court abused its discretion in refusing to transfer a case under the first-to-file rule, wrote as follows:

> The "first to file" rule is grounded in principles of comity and sound judicial administration. "The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." This concern applies where related cases are pending before two judges in the same district, as is the case here, as well as where related cases have been filed in different districts.

*Save Power,* 121 F.3d at 950 (citations omitted). In this case, the court need not analyze whether the issues here and in *Burton* substantially overlap since, once again, plaintiff concedes that they do. Moreover, the court finds unpersuasive plaintiff's suggestion that it simply stay this action, rather than dismiss or transfer it outright.

In arguing in favor of this more limited remedy, plaintiff writes as follows in his brief:

> Although Plaintiff seeks class certification, Defendants will presumably oppose such. It is certainly foreseeable that one or more Plaintiffs in similar actions could file a petition for consolidation with the Judicial Panel on Multidistrict Litigation ("JPML"). 28 U.S.C. § 1407(a) permits the temporary transfer of civil actions that are pending in different federal districts and involve one or more common questions of fact to a single district court for coordinated or consolidated pretrial proceedings to promote the just and efficient conduct of such litigation. The JPML's authority is not subject to venue restrictions but extends only to civil actions and only to transfer for pretrial purposes, although the transferee court may find it appropriate to transfer cases to itself for trial under 15 U.S.C. §§ 1404 or 1406. If an MDL is established and class certification is subsequently denied, each action could be transferred back to its transferee court for trial purposes. Because that remains a possibility, Plaintiff opposes transfer and/or dismissal at this stage.

The court does not agree.  In the court's view, speculative arguments about whether this case might eventually find its way into a Multidistrict Litigation panel and what might happen to it after it gets there do not alter the fact that the issues in this case and *Burton* substantially overlap. Moreover, plaintiff has offered what the court views as insufficient reasons not to follow the "strong presumption across the federal circuits" in favor of transferring the case to the court of first filing.  Defendants' motion is therefore due to be granted.

It is therefore ordered that defendants' motion to dismiss or transfer on the basis of the first-to-file rule is granted, and this case is hereby transferred to the Northern District of Alabama.

SO ORDERED this 23rd day of April, 2014.

/s/ **MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**